UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REBEKAH A. ATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00898-SEB-MJD |
| | ) | |
| ROGER A. G. SHARPE Clerk, | ) | |
| ALLISON Chief Deputy Clerk, | ) | |
| EVELYN Administrative Matters (including | ) | |
| personnel) HR of Clerk's Office, | ) | |
| HARRIETT SYMMES HARMAN, | ) | |
| MICHELLE IMEL Deputy Clerk, | ) | |
| LANA HARVES Deputy Clerk, | ) | |
| TINA DOYLE Deputy Clerk, | ) | |
| TANESA GENIER Deputy Clerk, | ) | |
| BEN ROGERS Deputy Clerk, | ) | |
| PAM POPE Deputy Clerk, | ) | |
| AMY HOLTZ Deputy Clerk, | ) | |
| AUDREYALICE WARNER Deputy Clerk, | ) | |
| GEETA DEVELLEN Deputy Clerk, | ) | |
| TRICIA BLANFORD Deputy Clerk, | ) | |
| CARRIE GRIFFIN Deputy Clerk, | ) | |
| UNKNOWN OR UNNAMED OR REFUSED TO | ) | |
| IDENTIFY All staff, Administrative, Assistants, | ) | |
| and Deputy Clerks, Birch Bayh Federal Building | ) | |
| & U.S. Courthouse, | ) | |
| REBEKAH FARRINGTON Divisional Operations | ) | |
| Manager, | ) | |
| KAREN Deputy Clerk, | ) | |
| LAURA TOWNSEND Deputy-in-Charge, New | ) | |
| Albany Division, | ) | |
| TARA COTTINGHAM, | ) | |
| UNKNOWN OR UNNAMED OR REFUSED TO | ) | |
| IDENTIFY All staff, Administrative, Assistants, | ) | |
| and Deputy Clerks, Lee H. Hamilton Federal | ) | |
| Building & U.S. Courthouse, | ) | |
| JOHN BLANKENBERGER Deputy Clerk, | ) | |
| KEVIN P. DEMPSEY Clerk, | ) | |
| GUS WEEKS Chief Deputy Clerk, | ) | |
| UNKNOWN OR UNNAMED OR REFUSED TO | ) | |
| IDENTIFY All staff, Administrative, Assistants, | ) | |
| | ) | |

1

and Deputy Clerks, Birch Bayh Federal Building )
and United States Courthouse,
STACY ENLOW Operations Manager Deputy      )
at/in Charge,                              )
LORI STUCKWISCH Manager-office,            )
AMANDA BENSON Deputy Clerk,                )
ERIC DIXON Supervisor, Deputy Clerk,       )
AMBER HAMPTON Deputy Clerk,                )
TIMOTHY CALLAHAN IT Tech with Clerk's      )
Office,                                    )
UNKNOWN DEFENDANTS NOT YET                 )
DISCOVERED,                                )
                                           )
              Defendants.                  )

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT

Plaintiff initiated this lawsuit on April 12, 2021, charging dozens of employees of

this court's Clerk's Office with perjury, identify theft, and other malfeasances. Plaintiff

simultaneously moved to proceed *in forma pauperis.* [Dkt. 2].

### I.      Plaintiff's Motion for Recusal Is Unsubstantiated and Therefore **Denied**

Before turning to our review of Plaintiff's motion to proceed *in forma pauperis*, we

address Plaintiff's "Verified Motion for U.S. District Judge Barker to Recuse & For This

Case to [*sic*] Assigned to U.S. District Chief Judge Pratt" ("Motion for Recusal"). In this

Motion, filed pursuant to 28 US.C. § 144, Plaintiff requests that the undersigned judge

recuse herself from this case. She further seeks to have this matter be reassigned to our

colleague and the Chief Judge of this court, the Honorable Tanya Walton Pratt.

Title 28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely
and sufficient affidavit that the judge before whom the matter is pending has a
personal bias or prejudice either against him or in favor of any adverse party, such

judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Prevailing on a motion under Section 144 is a particularly difficult challenge. Such success requires a sufficiently detailed motion (and accompanying affidavit) that demonstrates "the judge's personal bias or prejudice against a party." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004). We credit only the allegations that are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Id.* Such allegations "must fairly support the charge of bias or impartiality and must be specific—including definite times, places, persons, and circumstances." *Id.* In addition, Section 144 requires a showing of actual bias (as opposed to an appearance of bias); "only personal animus or malice on the part of the judge can establish actual bias." *Id.* Accordingly, judicial rulings alone almost never constitute a valid basis for disqualification under this statute. *Id. See also Lisle v. Keller*, 803 Fed. Appx. 926, 928 (7th Cir. 2020) ("But adverse judicial rulings are not a basis for recusal under 28 U.S.C. § 455 or disqualification under 28 U.S.C. § 144.") (collecting cases).

Here, Plaintiff accuses the undersigned judge of bias and prejudice against her. Plaintiff explains that she has previously filed seven lawsuits in this court; five have been assigned to the undersigned judge. *See Atkins v. Davis*, 1:02-cv-01961-SEB-MJD; *Atkins*

*v. Butts*, 4:02-cv-00129-SEB-DML; *Atkins v Mills*, 4:02-cv-00130-SEB-TAB; *Atkins v. Sheriff*, 4:18-cv-00180-SEB-DML, *Atkins v. Brown*, 4:19-cv-00167-SEB-DML. Five of these lawsuits were dismissed, which dismissals Plaintiff believes were "contrary to all the Laws." Thus, says Plaintiff, "U.S. District Judge Barker . . . appears to be utterly and completely biased and prejudiced against [Plaintiff]." [Dkt. 15].

Plaintiff relies on nothing more than these adverse rulings against her. As explained above, this is inadequate to allow her to prevail in her effort to disqualify the undersigned judge. We note as well that in three of these five cases, Plaintiff filed appeals with the Seventh Circuit Court of Appeals accusing the undersigned (and the magistrate judges) of "perpetrating scams" of "identify theft" against Plaintiff. *See Atkins v.* Davis, 1:02-cv-01961-SEB-MJD; *Atkins v. Butts*, 4:02-cv-00129-SEB-DML; *Atkins v Mills*, 4:02-cv-00130-SEB-TAB; *Atkins v. Sheriff*, 4:18-cv-00180-SEB-DML. Such allegations were summarily rejected by the Seventh Circuit. *See Atkins v. Baker, et al.*, 18-2007.[1]

Moreover, Plaintiff's primary purpose in filing her Motion for Recusal appears to be to capture the attention of Chief Judge Pratt. Indeed, she explicitly requests that the case be reassigned to Chief Judge Pratt, contending that Chief Judge Pratt is the sole

---

[1] Plaintiff's pending motion similarly accuses the undersigned of enabling identify theft. These allegations are not sufficiently detailed under Section 144 and, in any event, are wholly unsubstantiated. Plaintiff also accuses the undersigned of failing to promptly "handle" her case. Again, this is simply not true. Plaintiff's fifty-one page complaint and motion to proceed *in forma pauperis* were filed on April 12, 2021. On April 19, 2021, that is, one week within the filing of the complaint, we issued our order identifying deficiencies in Plaintiff's affidavit accompanying motion to proceed *in forma pauperis.* We directed Plaintiff to file a new affidavit and informed her that we would refrain from ruling on her motion to proceed *in forma pauperis* and screening her complaint until a new affidavit was filed. Plaintiff's amended affidavit was, in fact, filed, on April 19, 2021, and we have promptly turned to screening her complaint.

district judge "that has jurisdiction of and over [Plaintiff's Complaint] against the Federal

Clerks of this District." Though we recognize (as does Plaintiff) that Chief Judge Pratt is

charged with managing the clerk of our court, *see* 28 U.S.C. § 751, it is not true that only

the chief judge has jurisdiction to hear certain lawsuits. More importantly, litigants are

*not* entitled to select which judge resolves their cases, nor are they permitted to use

Section 144 as a vehicle to judge shop. *See, e.g., In re Taylor*, 417 F.3d 649, 652 (7th Cir.

2005); *United States v. Hatfield*, 2015 WL 13714468, at *1 (S.D. Ill. May 28, 2015) ("A

judge has an obligation to hear cases before him where there is no legitimate reason for

recusal . . . . the Court is also mindful that [Section 144] is not a judge-shopping

device.").

For these reasons, Plaintiff's Motion for Recusal is **denied.**

## II.     **Plaintiff's Motion to Proceed** *In Forma Pauperis* **is** <u>Granted</u>

Plaintiff's motion to proceed in *forma pauperis* [Dkt. 2] is granted.  28 U.S.C. §

1915(e). While *in forma pauperis* status allows the plaintiff to proceed without pre-

payment of the filing fee, the plaintiff remains liable for the full fees.  *Robbins v. Switzer*,

104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs

and must pay when they are able.").  No payment is due at this time.

## III.    **Screening the Complaint Under 28 U.S.C. § 1915(e)(2)(B)**

When a plaintiff is allowed to proceed *in forma pauperis*, the Court has an

obligation to ensure that the complaint is legally sufficient.  28 U.S.C. § 1915(e)(2)(B).

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim

on which relief may be granted, or seeks monetary relief against a defendant who is

5

immune from such relief. *Id.* Dismissal under this statute is an exercise of the Court's

discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

A complaint that is wholly insubstantial does not invoke the district court's

subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89

(1998); *In re African-American Slave Descendants Litig.*, 471 F. 3d 754, 757 (7th Cir.

2006). When it becomes clear that a suit filed *in forma pauperis* is irrational or

delusional, the district court is required to dismiss it. *See* 28 U.S.C. § 1915(E)(2)(B)(i).

Here, Plaintiff's Complaint is targeted at numerous officials employed with the

Southern District of Indiana's Clerk's Office, including Clerk of Court Roger A. Sharpe,

Chief Deputy Clerk Allison Chestovich, and dozens of other former and current

employees of this court's Clerk's Office. The precise nature of Plaintiff's claims is

exceedingly convoluted and confusing; her fifty-one page complaint consists primarily of

rambling allegations not directly targeting any of the individual defendants. From what

we can discern, Plaintiff is alleging that she is the victim of identity theft at the hands of

"Criminals/Gangsters/Pirates/ID Thieve[s]." She believes that these identity thieves have

initiated "fraudulent Lawsuits" and falsified court records using her personal information.

Plaintiff accuses Defendants as "masquerading as 'Federal Clerks[,]'" when they are

actually "active Criminal/Gangsters/Pirates/ID Thieves." She further alleges that

Defendants are manipulating the Public Access to Electronic Records website

("PACER") so that Plaintiff cannot locate or access the fraudulent court records.

Plaintiff's Complaint advances only one specific allegation against an individual

defendant, Ms. Hattie Harmon. According to Plaintiff,  Ms. Harmon represented herself

to Plaintiff to be a Deputy Clerk assigned to help *pro se* litigants. In response to Plaintiff's

concerns that Plaintiff could not access the court records relating to her, Ms. Harmon

produced a written document to Plaintiff listing the cases in our district court in which

Plaintiff was involved. However, Plaintiff insists that this list was incomplete and that

Ms. Harmon was "making absolutely sure [] cases/records/documents" "don't wind up in

Ms. Atkin's hands/possession."

Based on these facts, Plaintiff's Complaint attempts to frame dozens of causes of

action, including, for example, violations of her rights under Indiana's Access to Public

Records Act, violations of the Fourth Amendment, fraud, counterfeiting, identity

deception, intimidation, and perjury.

We find Plaintiff's Complaint to be factually frivolous, deserving of no further

judicial time or attention.

Claims are factually frivolous when they are "clearly baseless," "fanciful,"

"fantastic," "delusional," "irrational," or "wholly incredible." *Felton v. City of Chicago*,

827 F.3d 632, 635 (7th Cir. 2016) (*quoting Denton v. Hernandez*, 504 U.S. 25, 32–33,

112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Gladney v. Pendleton Corr. Facility,*

302 F.3d 773, 774, 2002 WL 31040726 (7th Cir. 2002) (noting that allegations are

factually frivolous if they are "unbelievable" or  "incredible"). Plaintiff's allegations fit

this description. It is wholly implausible that the members of this court's Clerk's Office—

ranging from Clerk of Court Sharpe to administrative staffers—are secretly "gangsters"

and "pirates" engaged in a nefarious scheme designed to steal Plaintiff's identity, tamper

with court records, and manipulate PACER as to cover up their conspiracy. Even in

giving this complaint liberal construction, we cannot discern any non-frivolous allegations against any defendant.  It must therefore be dismissed. *See* 28 U.S.C. § 1915(E)(2)(B)(i).

Additionally, the Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that pleadings contain "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief.  In other words, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Plaintiff's Complaint, overflowing with rambling averments and confusing factual allegations, clearly fails to comply with Rule 8 and must therefore be dismissed.

## Conclusion

Plaintiff's Motion to Proceed *In Forma Pauperis* [Dkt. 2] is **granted**. Her "Motion to Recuse Judge Barker and To Assign Chief Judge Pratt" [Dkt. 15]is **denied**. Her Complaint is **dismissed** for the reasons set forth above. Because the allegations in the complaint are so fanciful that they fail to engage the court's subject-matter jurisdiction, this action shall be **dismissed in its entirety**. Judgement consistent with this entry shall now issue. All remaining pending motions are **denied as moot.**

IT IS SO ORDERED.

Date:        5/3/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

8

Distribution:

REBEKAH A. ATKINS
5017 E. Tunnel Rd
Marengo, IN 47140